## NATHANIEL IRELAND, JR. *vs.* CITY OF NEWBURYPORT

If the municipal authorities of a town have provided supplies for distribution among those out of the almshouse who need relief, upon orders of the overseers of the poor, and have given notice thereof to the overseers, the latter have no authority to contract debts in behalf of the town for the support of the poor; and one who, having knowledge of the facts, furnishes supplies to persons settled in such town, upon orders of the overseers, cannot maintain an action against the town to recover for the same. But if he furnishes supplies upon such orders to persons settled elsewhere, he may recover from the town the amount actually received by it, on account of such supplies, from the towns which were liable to support the persons who were relieved thereby.

CONTRACT brought to recover for goods sold and delivered.

It was agreed, in the superior court, that the plaintiff furnished goods, to the amount and of the value alleged in his declaration, upon the written orders of the overseers of the poor of Newburyport, at various dates between August 23, 1862, and the date of the writ. The goods were supplied to persons needing relief, who were not supported in the almshouse. Prior to that time, the city council of Newburyport had provided a sufficient quantity of supplies for distribution among such persons, to be delivered on the orders of the overseers of the poor, and on the 7th of July 1862 passed an order, the mayor and aldermen concurring, authorizing the purchase and distribution thereof, and on the 18th of the same July passed another order, the mayor and aldermen concurring, for giving notice to the overseers that provision had been made for furnishing all the supplies necessary for that purpose, to be delivered upon their orders. A copy of these orders was delivered to each of the overseers, at or about their respective dates, and the same were also published in a newspaper, with a notice that no debts against the city,

contracted by the overseers or either of them, would be allowed by the city. The plaintiff had personal knowledge of this notice.

It was also agreed that the defendants have received from other cities and towns nineteen hundred dollars for supplies furnished during the year 1862 to paupers settled elsewhere, and that a part of the supplies for which said money was received was furnished by the plaintiff, and is included in the amount sought to be recovered in this suit.

Upon these facts, judgment was rendered for the plaintiff and the defendants appealed to this court.

*C. Cushing & J. N. Pike*, for the defendants.

*S. B. Ives, Jr.*, for the plaintiff. The Gen. Sts. *c.* 70, § 2, give to overseers of the poor the entire authority to determine the manner in which paupers shall be relieved and supported. These overseers had the same authority as ordinary overseers, *St.* 1851, *c.* 296, § 11. By the true construction of Gen. Sts. *c.* 70, § 2, the city or town have only the authority to determine whether they will or will not maintain a workhouse. If a city council may decide what kind of supplies shall be furnished to those out of the almshouse who need relief, they may also determine the amount to be given in any case, and prohibit the furnishing of supplies to particular persons; that is, they may decide who is and who is not a pauper. It is no answer to this action to say that the supplies provided were suitable in kind and quantity. It appears that the overseers thought otherwise. Shall the plaintiff in this action try the quality of the groceries provided by the city?

BY THE COURT. We are of opinion, upon a comparison of the 22d and 70th chapters of the General Statutes, that the orders of the common council of the city of Newburyport, passed on the 7th and 18th of July 1862, were well authorized, and that the authority of the city overseers of the poor to contract city debts for support of the poor (if such authority previously existed) was thereby terminated. As those overseers, and also the plaintiff, had notice of those orders, they must abide by the consequences which follow the passing of them. For

the goods furnished by the plaintiff, on the overseers' orders, he has no legal claim on the defendants. But for the amount of money which the defendants have received for supplies furnished to paupers having settlements elsewhere, which supplies were obtained from the plaintiff on orders of the overseers, we think he is entitled to recover. The amount thereof, if not agreed on by the parties, nor submitted to an assessor, will be ascertained by a jury.